JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG -8 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 890

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE GENERAL DEVELOPMENT CORPORATION SECURITIES LITIGATION*

*BEFORE JOHN F. NANGLE,[*] CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK,[*] HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

## TRANSFER ORDER

This litigation presently consists of nine actions pending in two federal districts as follows: seven actions in the Southern District of Florida,[1] and three actions in the Southern District of New York. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendant KPMG Peat Marwick (KPMG) for centralization of this litigation in the Southern District of Florida for coordinated or consolidated pretrial proceedings. Eleven responding individual defendants and the plaintiffs in the Florida action either support or do not oppose the motion. Plaintiffs in the two New York actions oppose transfer. Defendants PaineWebber, Inc., Merrill Lynch, Pierce, Fenner & Smith (Merrill), and a Merrill subsidiary oppose KPMG's motion, but they do support transfer of one of the Florida actions (Drooker) to the Southern District of New York for Section 1407 centralization with the two actions pending there.

On the basis of the papers filed and the hearing held, the Panel finds that transfer of Drooker to the Southern District of New York, for coordinated or consolidated pretrial proceedings with the two actions pending in that district, will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These three actions share numerous factual questions concerning alleged violations of federal securities laws and common law torts in connection with the sale of General Development Corporation's (GDC) 12-7/8% senior subordinated bonds sold pursuant to a 1988 public offering. Centralization of these three actions is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings (especially with respect to class action determinations), and conserve the resources of the parties, their counsel and the judiciary.

---

[*]Judges Nangle and Pollak took no part in the decision of this matter.

[1]Six of these actions have been consolidated in the Florida court, and the plaintiffs in the six actions have since filed a consolidated amended complaint.

- 2 -

On the basis of the record before us, we are not persuaded that the remaining consolidated Florida actions should be included in centralized pretrial proceedings under Section 1407. Those actions, involving allegations of federal securities law violations and common law torts arising out of misrepresentations and omissions concerning the business practices, liquidity, finances and future prospects of GDC, certainly arise from the same set of factual circumstances as the other three actions included in the Section 1407 motion. The claims in the actions to be centralized, however, focus only on the sale of GDC bonds and have as principal defendants the co-lead underwriters of the bonds. The claims in the remaining consolidated Florida actions are brought on behalf of GDC shareholders, focus on a broader context of securities law violations, and do not include the bond underwriters as defendants. In light of these differences, we conclude that inclusion of the remaining Florida consolidated actions in Section 1407 proceedings would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

The Southern District of New York is the preferable transferee district under the circumstances of this litigation. GDC was headquartered in the Southern District of Florida, and relevant witnesses and documents may therefore be expected to be found there. We are mindful, however, of the heavy caseload burdens existing in that district as a result of its heavy criminal docket, and we do not wish to burden it further if it can be avoided. We note that the Southern District of New York is where the underwriter defendants are headquartered and is where two of the three actions to be centralized are already pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action on the attached Schedule A entitled <u>Harry Drooker v. PaineWebber, Inc., et al.</u>, S.D.Florida, C.A. No. 91-0483, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Lawrence M. McKenna for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

IT IS FURTHER ORDERED that transfer pursuant to 28 U.S.C. §1407 of the remaining actions listed on the attached Schedule A pending in the Southern District of Florida be, and the same hereby is, DENIED.

*FOR THE PANEL:*

*S. Hugh Dillin*
*Acting Chairman*

## *SCHEDULE A*

### MDL-890 -- *In re General Development Corporation Securities Litigation*

#### Southern District of New York

Harold Menowitz v. David F. Brown, et al.,
  S.D. New York, C.A. No. 91-CIV-0594
Stanton Spritzler v. David F. Brown, et al.,
  S.D. New York, C.A. No. 91-CIV-1722

#### Southern District of Florida

Alan Tapken, et al. v. General Development Corp.,
  et al., S.D. Florida, C.A. No. 90-0691
Sara Shields v. General Development Corp., et al.,
  S.D. Florida, C.A. No. 90-0693
John Nitti, et al. v. General Development Corp.,
  et al., S.D. Florida, C.A. No. 90-0694
David Jaroslawicz v. General Development Corp., et
  al., S.D. Florida, C.A. No. 90-0707
Helen Fabrikant v. David F. Brown, et al.,
  S.D. Florida, C.A. No. 90-0713
Carl Goldman v. General Development Corp., et al.,
  S.D. Florida, C.A. No. 90-0824
Harry Drooker v. Painewebber, Inc., et al.,
  S.D. Florida, C.A. No. 91-0483